WILLIAM A. LAGOW, Appellant, *vs.* JOHN HILL *et al.*
Appellees.

*Opinion filed February 19, 1909.*

SCHOOLS—*school directors may grant the use of rooms for lodge meetings.* Under clause 10 of section 147 of the School law, school directors may grant the use of the school building, or such part thereof as is not occupied by the school, for any meetings the board may deem proper, and they may rent the assembly room of the school for lodge meetings if the meetings do not disturb the school or injure the property and the rent is received by the district.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Lawrence county; the Hon. J. R. CREIGHTON, Judge, presiding.

GEE & BARNES, for appellant.

GEORGE W. LACKEY, NOAH M. TOHILL, and J. A. BENSON, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

William A. Lagow, a tax-payer of school district 6, township 4, range 10, in Lawrence county, filed a bill in equity to restrain the board of school directors of said district from permitting certain fraternal organizations to hold meetings in one room of the school building in the said district. The circuit court dissolved the temporary injunction and dismissed the bill for want of equity, and that decree has been affirmed by the Appellate Court for the Fourth District. By his further appeal Lagow brings the record to this court for review.

The evidence on the hearing shows that the school house in question is a two-story brick building, erected at a cost of about $4500 about ten years ago. The first floor of the building was divided into two school rooms. The second floor contained one large assembly room and a small room

designed as an office for the superintendent. The first year after the building was completed all of it was used for school purposes. Since that time it has been found unnecessary to use any part of the second floor for such purpose, the rooms on the first floor affording ample accommodations for the schools of the district. The evidence shows that the school directors, for a consideration amounting to about $75 per year, permitted the Modern Woodmen, Odd Fellows and Royal Neighbors to hold their meetings in the upper room. A number of teachers who taught in the district testified that the holding of these meetings in no way disturbed or interrupted the schools, and the evidence clearly shows that the use of the building by these societies did not in any way damage or injure the building or other school property. The bill is not framed on the theory that there was any injury being done, but solely on the ground of a want of power in the board of directors' to so permit the use of the school building. It is shown that the school district received the full benefit of the rentals paid by these societies, and that without such rentals the board could not maintain a school exceeding five months per annum, and that by the use of the rents received the terms were extended to six months in each year. No case is cited by appellant in this State which sustains his contention that the board of directors are exceeding their statutory powers in thus permitting the temporary use of the second floor of this building by these organizations. Clause 10 of section 147 of the School law provides: "They [the board of directors] shall have the control and supervision of all school houses in their district, and may grant the temporary use of school houses when not occupied by schools, for religious meetings and Sunday schools, for evening schools and literary societies, and for such other meetings as the directors may deem proper." This statute clearly gives the board of directors the power, in their discretion, to grant the use of the school building, or such part thereof as was not

occupied by the school, for any meetings which the board deemed proper.

The case of *Spencer* v. *Joint School District,* 15 Kan. 259, (22 Am. Rep. 268,) which is mainly relied on by appellant as authority for his contention, is not in point. It does not appear that the statute of Kansas authorized the board of directors to permit the use of school houses for any other than school purposes, as our statute does.

There being no error in the judgment of the Appellate Court, that judgment is affirmed.     *Judgment affirmed.*